IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS JOHNSON, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BOROUGH OF COLLINGDALE; | : | |
| OFFICER DEAN KEMP; OFFICER | : | |
| ROBERT MARVIL; CHIEF ROBERT | : | |
| ADAMS; CORPORAL EDWARD | : | |
| ROBINSON, | : | |
| Defendants. | : | No. 08-5613 |

MEMORANDUM

Schiller, J.                                                                                              September 25, 2009

Plaintiff Dennis Johnson brings this action against Defendants for unlawful arrest, unlawful use of force, malicious prosecution, and False Imprisonment under 42 U.S.C. § 1983, based on his July 7, 2007 arrest and detention. Based on agreement of the parties, the remaining Defendants are Officer Dean Kemp, Officer Robert Marvil, Chief Robert Adams and Corporal Edward Robinson. Presently before this Court is the motion for summary judgment of Defendants. For the reasons that follow, Defendants' motion will be granted in part and denied in part

I.   BACKGROUND

On July 7, 2007 Johnson attended an Independence Day barbeque at the home of his cousin, Todd Ashley, on MacDade Boulevard in the Borough of Collingdale. (Defs.' Mot. for Summ. J. Ex. 5 [Dep. of Amber Patterson-Johnson] at 8.) Patterson-Johnson drove Johnson to the barbeque after having spent the entire day with him. (*Id.* at 7-8.) They arrived at the barbeque at around 10:30 pm. (Defs.' Mot. for Summ. J., Ex. 4 [Dep. of Samantha Glenn] at 9.) Johnson fixed a plate of food, and

went to the backyard to play cards with, among others, Patterson-Johnson. Johnson did not consume any alcohol or drugs at any point on July 7. (Defs.' Mot. for Summ. J. Ex. 1 [Dep. of Dennis Johnson] at 13-14; *Id.* Ex. 3 [Dep. of Wayne Boyer, Jr.] at 8; Dep. of Samantha Glenn at 9; Dep. of Amber Patterson-Johnson at 8.)

Shortly after Johnson arrived at the party, a relative announced to those in the backyard that there was a fight in the street in front of the house. (Dep. of Amber Patterson-Johnson at 9.) Johnson and others went out to the front of the house where the other partygoers were crowded to observe the pugilists. (*Id.* at 9.) While other members of the crowd were in the street and on the sidewalk, Johnson was on the bottom step of Ashley's property. (*Id.* at 11; Dep. of Samantha Glenn at 12.)

Police arrived on the scene shortly after Johnson went to the front of the house. (Dep. of Amber Patterson-Johnson at 10.) The officers blocked off the street and attempted to control the crowd. (Dep. of Samantha Glenn at 9.) An officer asked Johnson to go into the house, but Johnson calmly stated that he did not have to go into the house because he was a grown man, he had done nothing wrong, and he knew his rights. (Dep. of Amber Patterson-Johnson at 12; Dep. of Wayne Boyer, Jr. at 3.) Johnson never raised his voice to the officers or used any vulgarity. (Dep. of Wayne Boyer, Jr. at 23.) Johnson refused several more demands from the officer, or officers, to return to the house. (Dep. of Amber Patterson-Johnson at 12.) One officer said "this is my property, the streets are my property, so get the F in the house." (*Id.*) When Johnson again refused to go into the house, the officers grabbed him from his cousin's property, pulled him across the sidewalk, and slammed him against a parked civilian vehicle. (Dep. of Wayne Boyer, Jr. at 9, 13.) Officers admit that Johnson did not physically resist, and that he was completely compliant. (Defs.' Mot. for

Summ. J. Ex. 7 [Dep. of Dean Kemp] at 51.)  Johnson claims that four officers arrested him, including Kemp, Marvil, and Robinson. (Dep. of Dennis Johnson at 24, 90-91; Pl.'s Resp. in Opp'n to Defs.' Mot. for Summ. J. Ex. P-3 [Decl. of Dennis Johnson] ¶ 4.)  One of the officers punched or hit Johnson in his back while he was pinned against the car.  (Dep. of Dennis Johnson at 24-25.)  As he was being slammed against the vehicle, Johnson yelled that his back was hurt.  (Dep. of Wayne Boyer, Jr. at 15.)

Johnson's brother, Andrew Johnson, was arrested shortly after, and they were transported together to the police station. (Dep. of Dennis Johnson at 37-38.)  Dennis Johnson remained mostly silent during the ride and after arriving at the station.  He answered a question that an officer asked him, and was immediately told to "shut the fuck up." (*Id.* at 41.)  After arriving at the police station, Dennis Johnson replied that he had nothing further to say.  In response, Chief Adams came out of the office, and said, "you are right, this is the end of the discussion because you can spend the night in jail too you faggot ass bitch." (*Id.* at 42.)  The decision to detain Dennis Johnson overnight was made jointly by Adams, Kemp, Marvil, and Robinson.  (Pl.'s Resp. in Opp'n to Defs.' Mot for Summ. J. ¶ 49.)   Janet Johnson went to pick up her sons Dennis and Andrew at the police station that night, but she was told that they would not be released until 7 a.m. because officers did not like "their mouths, their tone," and that officers were going to "teach them a lesson."  (Defs.' Mot. for Summ. J. Ex. 2 [Dep. of Janet Johnson] at 8.)  Dennis Johnson was released around 7 a.m. the next morning.

Plaintiff received citations and summons for two summary offenses: disorderly conduct and public drunkenness.  (Defs.' Mot. for Summ. J. Ex. 11, Ex. 12 [Citations].)  Johnson was found not guilty of both charges.  (Dep. of Dennis Johnson at 58-62.)

3

## II.	STANDARD OF REVIEW

Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The role of the trial court is to determine whether there are material factual issues that merit a trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). In making that determination, the court must give the nonmoving party the benefit of all reasonable inferences that might be drawn from the underlying facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Sempier v. Johnson & Higgins,* 45 F.3d 724, 727 (3d Cir. 1995) (en banc). A court must, however, avoid making credibility determinations or weighing the evidence. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000); *see also Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 665 (3d Cir. 2002).

## III.	DISCUSSION

### A.	Unlawful Arrest[1]

A claim under 42 U.S.C. § 1983 for false arrest starts with the inquiry of whether the arresting officers had probable cause to believe that the person arrested had committed the offense. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995) (quoting *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)). Probable cause exists when the facts and circumstances within

---

[1] Plaintiff concedes that Defendant's motion for summary judgment should be granted as to the unlawful arrest claim against Chief Adams. (Pl.'s Resp. in Opp'n to Defs.' Mot. for Summ. J. at 13.) Thus, the Court will grant summary judgment as to Chief Adams on the unlawful arrest claim.

4

the arresting officer's knowledge are sufficient to establish a reasonable belief that the individual has committed or is committing a criminal offense. *Estate of Smith v. Marasco*, 318 F.3d 497, 514 (3d Cir. 2003). Probable cause is normally a factual determination for the jury, particularly if the issue requires a credibility determination. *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (citing *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)).

When the evidence is viewed in the light most favorable to Plaintiff, a reasonable jury could conclude that Kemp, Marvil, and Robinson all participated in the arrest of Johnson. (Dep. of Dennis Johnson at 24, 90-91; Decl. of Dennis Johnson ¶ 4.) A reasonable jury could also find that no probable cause existed for Kemp, Marvil, and Robinson to arrest Johnson on either a charge of disorderly conduct or public intoxication, thus allowing a jury to find that an unlawful arrest occurred.

Plaintiff was charged with disorderly conduct under 18 PA. CONS. STAT. ANN. § 5503, which states:

> A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoy or alarm, or recklessly creating a risk thereof, he: (1) engages in fighting, threatening, or in violent or tumultuous behavior; (2) makes unreasonable noise; (3) uses obscene language, or makes an obscene gesture; or (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

Plaintiff has presented deposition testimony of witnesses stating that he was calm and peaceful at the time of the incident, and that he never raised his voice to the officers or used vulgarities when the police were on the scene. (Dep. of Amber Patterson-Johnson at 12; Dep. of Wayne Boyer, Jr. at 23.) He also presented evidence that he never left Ashley's property. (Dep. of Samantha Glenn at 12.) A jury could find that the officers lacked probable cause to believe that Johnson committed disorderly conduct, and therefore could determine that Johnson's arrest was unlawful.

Plaintiff was also charged with public intoxication under 18 PA. CONS. STAT. ANN. § 5505 which provides:

> A person is guilty of a summary offense if he appears in any public place manifestly under the influence of alcohol or a controlled substance...to the degree that he may endanger himself or other persons or property, or annoy persons in his vicinity.

Plaintiff has presented evidence sufficient to suggest that there was no probable cause to arrest him for public intoxication. Importantly, Plaintiff presented evidence that he consumed no intoxicants at any point on the day of the barbeque. (Dep. of Dennis Johnson at 13-14; Dep. of Wayne Boyer, Jr. at 8; Dep. of Samantha Glenn at 9; Dep. of Amber Patterson-Johnson at 8.) Furthermore he presented evidence that he could not reasonably be perceived as a danger, given his calm and collected demeanor throughout the incident. There is sufficient evidence for a finder of fact to determine that there was no probable cause to justify an arrest based on public intoxication.

The facts viewed in the light most favorable to Johnson would support a finding in his favor on the unlawful arrest claim. Thus, summary judgment will be denied as to Kemp, Marvil, and Robinson on this claim.

### B.    Unlawful Use of Force[2]

The Fourth Amendment prohibits the use of objectively unreasonable force to effectuate an arrest. *Estate of Smith*, 318 F.3d at 515; *Graham v. Connor*, 490 U.S. 386, 389, 396-97 (1989). This Court must determine if the actions of Kemp, Marvil, and Robinson constituted an objectively unreasonable use of force. Because the parties dispute what took place during Johnson's arrest and

---

[2] Plaintiff concedes in his response that summary judgment is proper as to Chief Adams on the unlawful use of force claim. (Pl.'s Resp. in Opp'n to Defs.' Mot. for Summ. J. at 27.) Thus, the motion for summary judgment is granted as to Chief Adams on the claim of unlawful use of force.

Plaintiff has presented evidence that would allow a finding that the use of force was unreasonable, summary judgment is not appropriate on this claim.

Plaintiff claims that four officers had physical control over him during the arrest, including Kemp, Marvil, and Robinson. (Dep. of Dennis Johnson at 24, 90-91; Decl. of Dennis Johnson ¶ 4.) Plaintiff provides evidence that he was forcibly removed from private property by multiple officers for no legitimate reason, slammed against a vehicle, and punched in the back. (Dep. of Wayne Boyer, Jr. at 9, 13; Dep. of Dennis Johnson at 24-25.) Plaintiff also provides evidence that he was not resisting arrest. Not surprisingly, Defendants deny these allegations and claim to have used a reasonable amount of force while making a lawful arrest. Viewing the facts in the light most favorable to Johnson, a reasonable jury could find that Defendants' use of force was not reasonable under the circumstances. Therefore, summary judgment on the unlawful use of force claim is denied as to Kemp, Marvil, and Robinson.

    C.    **Malicious Prosecution**[3]

The elements of a malicious prosecution claim are: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a depravation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Estate of Smith*, 318 F.3d at 515.

Defendants concede that the criminal proceedings were initiated by Kemp, as he was the

---

[3] Plaintiff concedes that summary judgment is proper as to Chief Adams on the malicious prosecution claim. (Pl.'s Resp. in Opp'n to Defs.' Mot. for Summ. J. at 27.) The Court agrees, and so grants summary judgment as to Chief Adams on this claim.

officer who signed the summary citation and appeared before the magisterial district judge on the summary offenses. (Defs.' Mot. for Summ. J. at 25.)

But Plaintiff further argues that Marvil and Robinson also initiated the legal proceedings, in that they were "integrally involved in the arrest." (Pl.'s Resp. in Opp'n to Defs.' Mot. for Summ. J. at 21.) Plaintiff cites no authority to suggest that being involved in an arrest is tantamount to initiating legal proceedings. Marvil and Robinson did not initiate legal proceedings against Johnson. Plaintiff asserts only that Marvil and Robinson were part of the arrest, not the subsequent prosecution. Kemp filled out the paperwork to initiate a trial on the two charges against Johnson, and then went to court to participate in those summary proceedings. Thus, viewing the evidence in the light most favorable to Plaintiff, a reasonable jury could not find that Marvil or Robinson initiated the legal proceedings. Defendants Marvil and Robinson are granted summary judgment on the malicious prosecution claim.

A reasonable jury could find in Plaintiff's favor on the remaining elements of his malicious prosecution claim against Kemp. Elements two and three can be resolved in Plaintiffs favor. Plaintiff was found not guilty of both the disorderly conduct and public intoxication charges, and therefore the criminal proceedings unquestionably ended in his favor. There is a genuine issue of material fact as to whether Kemp had probable cause to initiate the proceedings. As the Court has already discussed above, when viewed in the light most favorable to Johnson, the facts permit a reasonable jury to find that Johnson was arrested without probable cause.

A reasonable finder of fact could also decide that Kemp acted with malice or for a purpose other than bringing Plaintiff to justice. When the same officer who arrests an individual without probable cause initiates legal proceedings against him, it is reasonable to infer that the motivation

was malice, or at least not in the interest of justice. *See Lippay v. Christos*, 996 F.2d 1490, 1502 (3d Cir. 1993) ("Malice may be inferred from the absence of probable cause.").

Finally, Plaintiff suffered a deprivation of liberty consistent with the concept of seizure. Plaintiff was arrested and placed in jail overnight. He was released with a citation that required him to go to court on his summary citations. There is no question that an arrest and subsequent detention qualify as a seizure.

Finding that Plaintiff can support each element of a malicious prosecution claim against Kemp, this Court denies Kemp's motion for summary judgment on the malicious prosecution claim.

### D.  False Imprisonment

Defendants' motion for summary judgment on Plaintiff's claim of unlawful detention is denied. There are genuine issues of material fact surrounding Johnson's detention that must be resolved at trial. First, it is not clear which officers made the decision to detain Johnson, and it is possible that all four defendants took part in that decision. (Pl.'s Resp. in Opp'n to Defs.' Mot for Summ. J. ¶ 49.) Second, it is not clear whether there was probable cause for the arrest. Third, while Defendants claim that Johnson's continued detention was because he was intoxicated and dangerous to himself and others, Plaintiff has presented evidence that the real reason for his detention was to "teach him a lesson." (Dep. of Janet Johnson at 8.) Additionally, he claims that he was peaceful and sober. If a jury resolved the above disputed facts in favor of Johnson, it would also be able to decide that Johnson was unlawfully detained. Therefore, defendants motion for summary judgment on the unlawful detention issue is denied.

### E.  Qualified Immunity

The qualified immunity standard is one of "objective legal reasonableness." *Blaylock v. City*

*of* Phila., 504 F.3d 405, 411 (3d Cir. 2007) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 816-17, 819 (1982)). Qualified immunity insulates from civil liability government officials performing discretionary functions if their actions could reasonably have been thought consistent with the rights they are alleged to have violated. *Forbes v. Twp. of Lower Merion*, 313 F.3d 144, 148 (3d Cir. 2002) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1997)). In assessing a claim of qualified immunity, the Court must review the law relevant to the official's behavior and ask whether the official could have believed that his or her actions were justified by law. *Forbes*, 313 F.3d at 148 (citing *Good v. Dauphin Cty. Soc. Servs.,* 891 F.2d 1087, 1094 (3d Cir. 1989)). To overcome the defense of qualified immunity, the facts taken in the light most favorable to the plaintiff must show that: (1) the official's conduct violated a constitutional right, and (2) the existence of this right was clear enough that a reasonable official would understand that he was violating that right. *Forbes*, 313 F.3d at 148.

In this case, genuine disputes of material fact preclude the Court from granting summary judgment for Defendants on qualified immunity grounds. As per the supervisory rule enunciated in *Forbes*, 313 F.3d at 146, the Court will outline the factual disputes precluding summary judgment for the Defendants on the qualified immunity argument.

      1.    *Unlawful Arrest*

Clearly, Plaintiff has a right to be free from an arrest without probable cause. As discussed above, the parties contest whether there was probable cause to effectuate an arrest. Without resolving the factual issue of what Johnson did prior to his arrest, or at least what the officers could have reasonably thought he did, summary judgment on qualified immunity grounds may not be granted.

### 2. *Unlawful Use of Force*

Similarly, Plaintiff has a right to be free from the unreasonable use of force. Here, there is a factual dispute as to the amount of force used by the officers, as well as which officers used force. There is a factual dispute regarding what Johnson did to necessitate the use of force, and correspondingly whether the use of force was reasonable under the circumstances. As such, summary judgment is inappropriate on qualified immunity grounds.

### 3. *Malicious Prosecution*

Plaintiff has a right to be free from malicious prosecution. The parties contest whether there was probable cause to effectuate an arrest. As a result, there are issues of fact as to whether the proceedings were initiated by Kemp without probable cause. Without resolving the factual issue of what Johnson did prior to his arrest, or at least what the officers could have reasonably thought he did, summary judgment on qualified immunity grounds may not be granted.

### 4. *Unlawful Detention*

Johnson's right to be free from unlawful detention is equally clear. There is a factual dispute as to which officer, or all of the officers, made the decision to detain Johnson. There is an additional dispute whether there was probable cause for the arrest. Johnson also suggests that the reasons for his detention were pretextual. Accordingly, Defendants are not entitled to qualified immunity on this claim.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted as to Adams on the claims of unlawful arrest, unlawful use of force, and malicious prosecution. Defendants'

motion will also be granted as to Marvil and Robinson on the malicious prosecution claim. The remainder of Defendants' motion is denied. An appropriate Order will be docketed separately.